No. 5830.

## W. W. HANDLIN VS. NEW ORLEANS, MOBILE & TEXAS R. R. CO. AND NEW ORLEANS, ST. LOUIS & CHICAGO R. R. CO.

The city of New Orleans may dispose, as she deems best for the public interests, of land formed by accretion which she acquired by compromise with other claimants of it, and is not absolutely bound to lay it off in blocks and streets, or to extend through it streets leading from other parts of the city.

And, therefore, one who acquired from the city a lot in the vicinity of this batture while it was in process of formation, has no claim for damages against the city or its lessee for putting buildings on the batture after it is formed, which would obstruct the extension of streets through it.

If the city had laid off such batture into blocks and streets, and afterwards sold lots according to a plan thereof, and one who had bought a lot from the city was obstructed in the enjoyment of a street, the case might be different.

A servitude of view being non-apparent, can be proved only by an express title.

APPEAL from the Superior District Court of New Orleans HAW-KINS, J.

Plaintiff *in pp.* Appellant.   *Campbell* for Defendant.

The plaintiff owns lots in the square bounded by Fulton, St. Joseph, North Market and Front streets in New Orleans. The streets running parallel with the river, beginning with the one nearest the river, are Water, Delta, Front and Fulton. The streets running towards the river, beginning with the one furthest below, are Julia, St. Joseph, North Market, South Market and Delord. The defendant railroad companies have constructed depots between Water Street and the river, extending from St. Joseph to Delord, thus closing the extension of St. Joseph, North Market and South Market

Streets beyond Water Street. Two of the streets (St. Joseph and North Market) which bound the square in which are plaintiff's lots, thus stop at Water Street.

The suit is to recover twelve thousand five hundred dollars damages from the companies for cutting off access to the river by these streets, obstructing the extension of them, and obscuring his view of the river. The land upon which the depots are built is batture, and was once claimed by the Gravier heirs, as well as by the city, and the city acquired undisputed title by compromise with them.

SPENCER, J. The city, owning the property, undoubtedly had the right to make or permit to be made such disposition of it, as she thought best for the public interests. She was not compelled to extend St. Joseph and North Market Streets through this batture. Had the city sold out the batture by a plan with these streets extended thereon, and were the complainant one of the purchasers, whose servitude of way to and from the lots purchased has been cut off, the case would be different.

The plaintiff claims to derive title from the city by act of sale in 1853, and contends that the city is estopped by its warranty from obstructing or closing the extension of these streets to the river. At the time of this act of sale, these lands were in process of formation by accretion. There is nothing in the deed that obligates the city to extend St. Joseph and North Market Streets over land then not *in esse* for the benefit of the purchaser, any more than there would be to extend streets to the lake shore, if the intervening swamps should ever be reclaimed and populated. 12 Demolombe, sec. 699. As for the servitude of view, it being non-apparent, it can only be proved by an express title. Rev. Civ. Code, Art. 766; Parish *v.* Municipality, 8 La. Ann. 145. And no title is produced.

Whether the defendants have proceeded legally in acquiring, or endeavoring to acquire, from the city the right to build depots on this batture, is a matter not pertinent to this case, and can be determined only by proceedings between other parties than those now before us. It suffices now that we hold that the plaintiff has not the right to compel the city to open the two streets named from Water Street to the river, and no wrong was done him by never opening them.

*Judgment affirmed.*